IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA A. MORALES, ELSA GONZALEZ, SANDRA CARRANZA, LAURA GUZMAN and TARA LEE RUYLE, | No. C 11-02278 WHA |
| Plaintiffs, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS AND VACATING HEARING** |
| v. | |
| LABORERS' UNION LOCAL 304, | |
| Defendant. / | |

## INTRODUCTION

In this employment action, defendant moves pursuant to FRCP 12(b)(6) to dismiss plaintiffs' claims for overtime, vacation pay, accurate wage statements, and waiting time penalties. For the following reasons, defendant's motion is **GRANTED IN PART AND DENIED IN PART**. The hearing is **VACATED**.

## STATEMENT

In two groups, plaintiffs filed two complaints, which were consolidated into one action by a stipulation and order signed in July 2011 (Dkt. No. 24). The complaints are identical except for the plaintiffs' names and dates of employment. Plaintiffs allege the following. Plaintiffs Gloria A. Morales, Elsa Gonzalez, Sandra Carranza, Laura Guzman, and Tara Lee Ruyle are former employees of defendant Laborers' Union Local 304. Ms. Morales was employed as a "general skilled office employee" and then as a bookkeeper at defendant's

Hayward, Livermore, and Oakland offices from around April 2005 to August 2010. Ms. Gonzalez was employed as a "general skilled office employee" at defendant's Hayward office from around March 2007 to June 2007. Ms. Carranza was employed by defendant as a "general skilled office employee" at its Hayward and Oakland offices from around September 2007 to March 2009. Ms. Guzman was employed by defendant as a "general skilled office employee" in its Hayward, Livermore, and Oakland offices from around February 2007 to May 2009. Finally, Ms. Ruyle was employed as a "general skilled office employee" in defendant's Hayward, Livermore, and Oakland offices from around June 2008 to September 2008 (Compls. ¶ 9).

Plaintiffs allege that defendant "knowingly failed to adequately compensate Plaintiffs for all wages earned (including premium wages such as overtime wages) under the California Labor Code and the applicable IWC Wage Order(s)." Plaintiffs seek "unpaid wages, including unpaid overtime and vacation time compensation, interest thereon and other penalties, [and] restitution." Defendant allegedly failed to provide accurate wage statements as follows (Compls. ¶ 14):

> Defendant violated section 1174(d) of the Labor Code by failing to provide or require the use, maintenance or submission of accurate time records by Plaintiffs. In violation of section 226 of the Labor Code, Defendant also failed to provide Plaintiffs with accurate semimonthly itemized statements of the total number of hours worked by each, and all applicable hourly rates in effect during the pay period. In failing to provide these required documents, Defendant has not only failed to pay its workers the full amount of compensation due but has also, until now, effectively shielded itself from its employees' scrutiny by concealing the magnitude and financial impact of its wrongdoing that such documents might otherwise have led workers to discover.

Furthermore, none of the statements that were provided "accurately reflected Plaintiffs' actual gross wages earned, net wages earned, or appropriate deductions" (Compls. ¶¶ 1, 11, 34).

Plaintiffs also allege that they are entitled to "thirty days' wages as penalty under section 203 of the Labor Code" because they were not paid their final wages upon termination "or within seventy-two hours of said resignation of employment therefrom." In addition, plaintiffs allege that they worked in excess of eight hours per day and/or forty hours in a workweek without being compensated in overtime wages. Plaintiffs also claim that they were not provided required meal and rest periods (Compls. ¶¶ 2, 15–16, 20–21, 38).

2

Plaintiffs Morales and Gonzalez commenced this action in Alameda County Superior Court in March 2011. Plaintiffs Carranza, Guzman, and Ruyle thereafter filed an identical complaint — except for the plaintiffs' names and dates of employment — in the same court in April 2011. Defendant then removed the two actions to federal court in May 2011. The Morales action and the Carranza action were thereafter consolidated, by a July 2011 stipulation and order, into a single action that is the subject of this motion (Dkt. Nos. 1, Exh. A; 6, Exh. B; 24).

Plaintiffs allege the following four claims for relief: (1) failure to pay overtime wages; (2) failure to provide accurate itemized wage statements; (3) failure to pay wages upon termination or resignation; and (4) unfair business practices. Plaintiffs seek overtime, vacation-time compensation, damages, and restitution. Defendant now moves to dismiss plaintiffs' complaints pursuant to FRCP 12(b)(6). This order follows full briefing.

## ANALYSIS

### 1. STANDARD OF REVIEW.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). A claim is facially plausible when there are sufficient factual allegations to draw a reasonable inference that defendant is liable for the misconduct alleged. While a court "must take all of the factual allegations in the complaint as true," it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 129 S. Ct. at 1949–50 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996). Dismissal is only proper if there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

### 2. FAILURE TO PAY OVERTIME WAGES AND VACATION PAY.

The complaints allege claims for vacation pay and overtime wages. Plaintiffs, however, concede in their opposition to defendant's motion to dismiss that these claims are insufficient as

3

pled (Opp. 1–2). Thus, defendant's motion to dismiss plaintiffs' claims for failure to pay vacation pay and overtime wages is **GRANTED**.

### 3. FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS.

Plaintiffs next allege that defendant failed to provide accurate wage statements as required by Section 226 of the California Labor Code. Defendant moves to dismiss three of the plaintiffs' claims because they are barred by the statute of limitations. In opposition, plaintiffs request leave to amend this claim to allege tolling on behalf of these three plaintiffs (Opp. 8). As such, defendant's motion to dismiss Ms. Gonzalez's, Ms. Carranza's, and Ms. Ruyle's claims for failure to provide accurate wage statements is **GRANTED**.

As to the two remaining plaintiffs, Ms. Morales and Ms. Guzman, defendant argues their claims are insufficient because they fail to allege any demonstrable injury arising from the information allegedly missing in the wage statement. Plaintiffs contend that their complaint alleges two injuries as a result of the inaccurate wage statements: (1) the inaccurate wage statements assisted in defendant's failure to "pay its workers the full amount of compensation due" by making it easier and more effective to hide it; and (2) plaintiffs were injured because the inaccurate statements "effectively shielded [defendant] from its employees' scrutiny by concealing the magnitude and financial impact of its wrongdoing that such documents might otherwise have led workers to discover" (Compls. ¶ 14; Opp. 9). Defendant relies on *Price v. Starbucks Corp.*, 192 Cal. App. 4th 1136 (2011), to argue the foregoing alleged injuries are insufficient to state a claim under the Labor Code. Defendant's reliance is misplaced.

In *Price*, the plaintiff alleged injuries resulting from the defendant's failure to comply with Section 226 by omitting from wage statements the total hours worked and net wages earned, as well as the applicable hourly rates. *Id.* at 1142 n.4. The lack of information allegedly "caused confusion and *possible underpayment of wages due*, required the putative class to file [the] lawsuit, and forced the putative class to attempt to reconstruct their time and pay records." The plaintiff also alleged that "many of Defendant's employees suffer from dyslexia and/or dyscalculia and/or are illiterate, and these employees were allegedly injured by the non-compliant wage statements." *Id.* at 1142 (emphasis added) (internal quotations omitted).

4

Because the mere deprivation of the information was not a cognizable injury, and the plaintiff only speculated on the "possible underpayment of wages due, which [was] not evident from the wage statements attached to the complaint," the court described the plaintiff's injury as "mathematical," but not the type that required computations to analyze whether he received payment for all hours worked. *Price* found that the facts were distinguishable from other decisions, in which confusion over whether all wages had been paid to the employee was a sufficient injury under Section 226. *Id.* at 1143 (distinguishing *Ortega v. J.B. Hunt Transport, Inc.,* 258 F.R.D. 361, 373–74 (C.D. Cal. 2009) (Cooper, J.) (Section 226 injuries include: "the possibility of not being paid overtime, employee confusion over whether they received all wages owed them, difficulty and expense involved in reconstructing pay records, and forcing employees to make mathematical computations to analyze whether the wages paid in fact compensated them for all hours worked"); *Perez v. Safety-Kleen Systems, Inc.*, 253 F.R.D. 508, 517 (N.D. Cal. 2008) (Hamilton, J.) (inaccurate hours on wage statements cause difficulty and time in attempting to reconstruct records); *Jaimez v. DAIOHS USA, Inc.,* 181 Cal. App. 4th 1286, 1305–06 (2010) (same); *Cicairos v. Summit Logistics, Inc.,* 133 Cal. App. 4th 949, 956, 961, (2005) (same)). As such, the two remaining plaintiffs, Ms. Morales and Ms. Guzman, allege sufficient facts to state a cognizable injury as a result of their inaccurate wage statements.

Defendant also contends that this claim should be dismissed because it is based on plaintiffs' overtime claim. "As Plaintiffs cannot state a claim for overtime . . . they cannot prove there are hours that are unaccounted for on their wage statements" (Br. 12). Not so. Plaintiffs do not limit the inaccuracies in the statements to the failure to include overtime. Plaintiffs assert a failure to provide "statements of the total number of hours worked by each, and all applicable hourly rates in effect during the pay period." Furthermore, plaintiffs claim that any statement provided did not accurately reflect their "actual gross wages earned, net wages earned, or appropriate deductions" (Compls. ¶¶ 14, 34). No where do plaintiffs limit this failure to overtime hours as suggested by defendant.

5

Thus, defendant's motion to dismiss plaintiffs' claim for failure to provide accurate wage statements is **GRANTED IN PART AND DENIED IN PART**. Ms. Gonzalez's, Ms. Carranza's, and Ms. Ruyle's claims are **DISMISSED**, but the claims of Ms. Morales and Ms. Guzman remain.

### 4.  WAITING TIME PENALTIES.

Finally, plaintiffs allege that they are entitled to waiting time penalties of up to thirty days' wages "[a]s a direct and proximate result of Defendant's willful conduct in failing to pay Plaintiffs for all hours worked" (Compls. ¶ 40). Defendant first argues that Ms. Gonzalez failed to state a claim for waiting time penalties because she is barred by the statute of limitations. Because plaintiffs concede there is a deficiency in the pleading and seek leave to amend, defendant's motion to dismiss Ms. Gonzalez's claim for waiting time penalties is **GRANTED**. With respect to the four remaining plaintiffs, defendant argues that plaintiffs cannot establish that defendant "willingly failed to provide wages that were due at the time of separation" because plaintiffs cannot state a claim for past due overtime wages. Because waiting time penalties are only available for wages, and plaintiffs' only claim for wages is for overtime, defendant contends that this claim must be dismissed. As discussed above, this order disagrees with defendant's characterization of plaintiffs' complaint. The complaint does not restrict plaintiffs' claim for wages to their overtime allegations (*see* Compls. ¶ 11 ("Defendant has knowingly failed to adequately compensate Plaintiffs for all wages earned (including premium wages such as overtime wages) under the California Labor Code . . . .")). As such, the four remaining plaintiffs pled sufficient facts to state a claim for waiting time penalties.

Defendant's motion to dismiss plaintiffs' claim for waiting time penalties is **GRANTED IN PART AND DENIED IN PART**. Only Ms. Gonzalez's claim for waiting time penalties is **DISMISSED**.

### CONCLUSION

For the foregoing reasons, defendant's motion to dismiss plaintiffs' complaints for failure to state a claim is **GRANTED IN PART AND DENIED IN PART**. This order dismisses all plaintiffs' overtime and vacation pay claims in addition to Ms. Gonzalez's, Ms. Ruyle's, and Ms. Carranza's claims for inaccurate wage statements and Ms. Gonzalez's claim for waiting time

6

1 penalties. Ms. Gonzalez is thus no longer a party to this action. The hearing scheduled for
2 November 17 is now **VACATED**.

3 As to any claims dismissed above, plaintiffs may seek leave to amend the complaint and
4 will have **FOURTEEN CALENDAR DAYS** from the date of this order to file a motion, notice on the
5 normal 35-day track, for leave to file an amended complaint. A proposed amended complaint
6 must be appended to the motion. The motion should clearly explain how the amendments to the
7 complaint cure the deficiencies identified herein.

**IT IS SO ORDERED.**

Dated: November 15, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE