United States District Court

For the Northern District of California

1

2

3

4

5

6                        IN THE UNITED STATES DISTRICT COURT

7

8                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10

GLORIA A. MORALES, ELSA                         No. C 11-02278 WHA
11
GONZALEZ, SANDRA CARRANZA,
LAURA GUZMAN, and TARA LEE
12
RUYLE,
                                                **ORDER GRANTING LEAVE TO FILE**
13           Plaintiffs,                         **AMENDED COMPLAINT AND**
                                                **DENYING DEFENDANT'S MOTION**
14     v.                                        **TO DISREGARD REPLY BRIEF AND**
                                                **VACATING HEARING**
15 LABORERS' UNION LOCAL 304,

16           Defendant.
                                        /
17

18                                  **INTRODUCTION**

19           In this employment action, plaintiffs Gloria Morales, Elsa Gonzalez, Sandra Carranza,

20 Laura Guzman, and Tara Lee Ruyle seek leave to file a first amended complaint.  A proposed first

21 amended complaint is appended to the motion.  Defendant Laborers' Union Local 304 opposes.

22 For the reasons set forth below, plaintiffs' motion is **GRANTED**.  Defendant moves to disregard

23 plaintiffs' reply brief as untimely.  For the reasons set forth below, defendant's motion is **DENIED**.

24                                   **STATEMENT**

25           By order dated November 15, 2011, plaintiffs were permitted to seek leave to file an

26 amended complaint as to any of the claims dismissed therein.  On March 30, 2011, plaintiffs

27 Gloria Morales and Elsa Gonzalez filed their complaint in this action in state court.  On April 7,

28 2011, plaintiffs Sandra Carranza, Laura Guzman, and Tara Ruyle filed a complaint that was

identical except for the plaintiffs' names and dates of employment.  Defendant removed each of

the actions to federal court.  The actions were consolidated by order dated July 21, 2011.  This is

not a purported class action.

The original complaints asserted four claims:  (1) failure to pay overtime wages; (2)

failure to provide accurate itemized wage statements; (3) failure to pay wages upon termination or

resignation; and (4) unfair business practices.

Defendant filed a motion to dismiss.  That motion was granted in part and denied in part.

The order dismissed the overtime and vacation pay claims, noting that plaintiffs "conceded in

their opposition to defendant's motion to dismiss that these claims are insufficient as pled."

Plaintiffs Gonzalez, Ruyle, and Carranza's claim for inaccurate wage statements was dismissed as

"barred by the statute of limitations."  Plaintiff Gonzalez's claim for waiting time penalties was

likewise dismissed as being barred by the statute of limitations (Dkt. No. 41 at 3–6).  Plaintiffs

were granted leave to amend.

## ANALYSIS

FRCP 15(a)(2) states that a court should "freely give leave to amend when justice so

requires."  Leave to amend may be denied, however, if the proposed amendment is futile or would

be subject to dismissal. *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*,

129 S. Ct. 1947, 1949 (2009).  A claim is facially plausible when there are sufficient factual

allegations to draw a reasonable inference that the defendants are liable for the misconduct

alleged.  While a court "must take all of the factual allegations in the complaint as true," it is "not

bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1949–50

(quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).  "[C]onclusory allegations of law

and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a

claim." *Epstein v. Wash. Energy Co.,* 83 F.3d 1136, 1140 (9th Cir 1996) (citation omitted).

### 1.    FAILURE TO PAY OVERTIME CLAIM.

In their original complaints, plaintiffs brought a claim for failure to pay overtime wages

under California Labor Code Sections 510, 1194, and 1198.  In their opposition brief on the

2

**United States District Court**
For the Northern District of California

1
2
3
4
5
6

motion to dismiss, plaintiffs stated that "at this time" they were willing to concede that (1) they were not eligible for overtime under state law based on the collective bargaining exemption and (2) that federal labor law completely preempts their state claim for overtime. Thus, they sought leave to amend to sufficiently plead a claim under Section 301 of the Labor Management Relations Act, 29 U.S.C. 185(a). The dismissal order did not address the merits of the overtime claim, but it did grant leave to amend.

7
8
9
10

The proposed first amended complaint omits the state claims for overtime pay and instead includes a claim under Section 301 for failure to pay overtime wages under the collective bargaining agreement. Defendant opposes the motion for leave to amend and argues that the Section 301 claim was not exhausted and that it is barred by the statute of limitations.

11

**A.    Exhaustion.**

12
13
14
15
16
17
18
19
20
21
22
23

A plaintiff bringing a Section 301 action against an employer is first required to exhaust the grievance procedure of the CBA. *United Paperworkers Int'l Union v. Misco, Inc.,* 484 U.S. 29, 37 (1987). "[T]here can be no doubt that the employee must afford the union the opportunity to act on his behalf." *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 653 (1965). The CBA between defendant and Office and Professional Employees International Union, Local 29, the union that represented plaintiffs, included a grievance procedure that required all grievances to be "first taken up between the Union and the Employer within thirty (30) days of occurrence or in the event of discipline, demotion or discharge, within ten (10) days of occurrence" (Dkt. No. 32). Plaintiffs do not allege that they complied with the grievance procedure. Instead, they allege that use of the grievance procedure would have been futile because Office and Professional Employees International Union, Local 29, the union that represented them, would not have been responsive to their needs.

24
25
26
27
28

Courts have made clear that the exhaustion requirement under a CBA are subject to a number of exceptions, such as futility. In *Vaca v. Sipes*, the Supreme Court stated that "[i]t is settled that the employee must at least attempt to exhaust exclusive grievance and arbitration procedures established by the bargaining agreement." 386 U.S. 171, 184–85 (1967). However, *Vaca* recognized that exhaustion would not be required if the plaintiff had "been prevented from

United States District Court
For the Northern District of California

1  exhausting his contractual remedies by the union's wrongful refusal to process the grievance."

2  *Id.* at 185.

3      The Supreme Court further expanded the exception to the exhaustion requirement almost

4  two years later in *Glover v. St. Louis- San Francisco Ry., Co*, 393 U.S. 324 (1969).  *Glover* held

5  that exhaustion is not required where "the complaint alleges in the clearest possible terms that a

6  formal effort to pursue contractual or administrative remedies would be absolutely futile."  *Id.* at

7  331.  Under those circumstances, *Glover* reasoned that insistence that a plaintiff exhaust the

8  remedies administered by the union would "only serve to prolong the deprivation of rights to

9  which [plaintiffs] . . . are justly and legally entitled."  *Ibid.*; *see Castaneda v. Dura-Vent Corp.*,

10 648 F.2d 612, 617–18 (9th Cir. 1981).  In *Glover*, the complaint alleged, among other things, that

11 plaintiff complained to the union representative about violations of the CBA, and were told that

12 investigations would commence, but they never did.  On other occasions where the plaintiffs

13 complained about violations of the CBA to the union, they were told nothing would ever be done

14 for them and that filing a complaint would be a waste of time.  *Glover*, 393 U.S. at 326–27.

15     In this action, plaintiffs allege in the proposed first amended complaint that the union

16 "demonstrated a clear pattern over several years that it was deliberately indifferent to the

17 employment rights of plaintiffs and its other members, and that it treated plaintiffs and its other

18 members in bad faith and arbitrarily" (First. Amd. Compl. ¶ 25).  Specifically, plaintiffs allege,

19 the union failed to return plaintiffs' calls, that the union "discourage[d] the employee from

20 pursuing a grievance against Local 304," and that plaintiffs "never once saw [the union] respond

21 to any employee's concerns or grievances in a meaningful way (*id*. at ¶¶ 27, 28).  Plaintiff

22 Guzman alleges that when she was fired in 2009 and contacted the union about her termination,

23 the union did not inquire into the circumstance of the termination or ask follow-up questions but

24 said only "it happens, and you should just move on to another job" (*id.* at ¶ 29).  Plaintiff Morales

25 alleges that when she called the union to file a grievance, they told her "a grievance won't help

26 you, you should just talk it through with your managers" (*id.* at ¶ 32).  Plaintiff Morales further

27 alleges that on one occasion the company attempted to modify the employees' health and welfare

28 program in a way that would negatively impact them.  When she brought this to the attention of

4

the union, they said, "you guys don't need any health and welfare protection, you are just secretaries sitting in a chair" (*id.* at ¶ 33).  Plaintiffs also allege that the CBA for the period of November 5, 2007 through October 31, 2010, "the time period most relevant to the employment claims at issue in this case," was not signed by the union (*id.* at ¶ 36).

In sum, there was an "overwhelming amount of evidence that the supposed 'grievance procedure' established by the CBA was completely unavailable to plaintiffs and the other employees of the Local 304" (*id.* at ¶ 38).  Plaintiffs have pled factual allegations sufficient to show exhaustion would have been futile.

### B.     Statute of Limitations Issues.

The proposed first amended complaint alleges that the statute of limitations was tolled on plaintiffs' Section 301 claim until approximately November 2010 (on the date plaintiffs were contacted by plaintiff Morales), when plaintiffs first had reason to believe, based on plaintiff Morales' conversation with Attorney Damien Austin Hare, that plaintiffs' wage and hour rights had been violated by defendant (First. Amd. Compl. ¶ 57).  Defendant contends that the Section 301 claim is time-barred, that plaintiff knew or should have known of the alleged violations prior to plaintiff Morales' discussion with Attorney Hare, and that even if the statute of limitations period for the claim was tolled until November 2010, it would still be time-barred because the Section 301 claim was not asserted in the original complaints.

### i.     Tolling.

The proposed first amended complaint alleges that plaintiffs did not become aware that they suffered injury with a wrongful cause until consultation with Attorney Hare in November 2010 (*see* First Amd. Compl. ¶¶ 45–49).  As pled, this tolling allegation applies to all claims alleged in the proposed first amended complaint.

Generally, "a cause of action . . . accrues when under the substantive law the wrongful act is done and the liability or obligation arises." *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1156 (N.D. Cal. 2010) (Fogel, J.).  Our court of appeals has stated that "in a duty of fair representation case [as we have here], the six month [statute of limitations] period generally begins to run when an employee knows or should know of the alleged breach of duty of

1  fair representation of the union." *Galindo v. Stoody, Co.,* 793 F.2d 1502, 1509 (9th Cir. 1986);

2  *see* 29 U.S.C. 160(b).  An exception to the general rule of accrual, however, is the discovery rule,

3  which "assumes that the elements of accrual including harm exist, but tolls the ruling [sic] of the

4  statute until plaintiff is on inquiry notice of its injury (and its wrongful cause)." *Cal. Sansome*

5  *Co. v. U.S. Gypsum*, 55 F.3d 1402, 1406 (9th Cir. 1995).  To invoke the discovery rule, "plaintiff

6  must plead facts which show:  (1) the time and manner of discovery and (2) the inability to have

7  made earlier discovery despite reasonable diligence." *Stearns*, 763 F. Supp. 2d at 1156.

8      Plaintiffs have pled allegations sufficient to establish tolling under their asserted theory.

9  They have alleged that they did not become aware of their injury and wrongful cause until

10  November 2010 and could not have sooner discovered the facts due to defendant's fraudulent

11  concealment of its illegality (First Amd. Compl. ¶¶ 40–58).  Defendant contends plaintiffs could

12  have discovered their claims sooner.  At this stage, all factual allegations in the complaint are

13  accepted as true.

14                    **ii.      Relation-Back.**

15      Defendant contends that even if the statute of limitations was tolled, it would only have

16  been tolled until the November 2010, consultation with Attorney Hare and thus the Section 301

17  claim is still time-barred because it was not asserted in the original complaints but instead was

18  asserted for the first time in either October 2011 or December 2011, in connection with plaintiffs'

19  request to amend the complaint.

20      Plaintiffs respond that the Section 301 claim relates-back to claims alleged in the original

21  complaints.  FRCP 15(c) provides that an amendment relates back to the date of the original

22  pleading if "the amendment asserts a claim or defense that arose out of the conduct, transaction,

23  or occurrence set out — or attempted to be set out — in the original pleading."  "It is also the

24  prevailing view that an amendment which changes the legal theory on which an action initially

25  was brought is of no consequence to the question of relation back if the factual situation out of

26  which the action arises remains the same and has been brought to the defendant's attention by the

27  original pleading." *Santana v. Holiday Inns, Inc.*, 686 F.2d 736, 739 (9th Cir. 1982).

28

**United States District Court**
For the Northern District of California

6

United States District Court
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiffs' Section 301 claim, as pled in their proposed first amended complaint, asserts a claim that arose out of the conduct pled in the original complaints, namely the allegations related to defendant's failure to pay overtime wages.  The original complaints were filed in March and April of 2011, within six-months of November 2010.

### iii.        Fraudulent Concealment.

The proposed first amended complaint alleges facts to support a fraudulent concealment theory.  Under this theory, when a defendant conceals the illegal nature of its actions, the statute of limitations is tolled until the plaintiff learns the truth.  *See N.L.R.B. v. Don Burgess Constr. Corp.*, 596 F.2d 378, 382–83 (9th Cir. 1979).  The proposed first amended complaint alleges that defendant "proclaimed that its treatment of plaintiffs was completely legal" and "fraudulently misrepresented the illegal nature of its actions."  Defendant "expressly used its status as a labor union having an expertise in employment law to affirmatively mislead the plaintiffs into believing that their employment rights were *not* violated."  For example, plaintiffs were forced to sign a document titled "Minutes of Office Staff Meeting," wherein they agreed "to arrive to work early," and were then told any person who walked in the door at the official starting time, as opposed to five or ten minutes early (per the Minutes of Office Staff Meeting) would be considered late (First Amd. Compl. ¶¶ 50, 51, 52).

At this stage of the proceedings, the factual allegations in the proposed first amended complaint are sufficient to support a fraudulent concealment theory.

The proposed amendments to the claims asserted in the original complaint for failure to pay overtime will be permitted in order to cure deficiencies in the claims as originally pled.

### 2.        FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS CLAIM.

Plaintiffs Gonzalez, Carranza, and Ruyle's claim for failure to provide accurate itemized wage statement was dismissed as time-barred.  Defendant contends that the proposed first amendment complaint does not cure the statute of limitations problem.  For the reasons stated above, plaintiffs have alleged facts sufficient to overcome the statute of limitations problem.

Specifically, defendant contends that because the alleged violations regarding the failure to provide accurate wage statements were clear on the face of the statement, there is no

United States District Court
For the Northern District of California

1   justification for tolling the statute of limitations.  But this ignores the tolling theories discussed

2   above, and for which plaintiffs have made sufficient factual allegations.  In particular, the

3   proposed amended complaint alleges that at the same time that plaintiffs were receiving their

4   wage statements "defendant . . . constantly emphasized and proclaimed that its treatment of

5   Plaintiffs was completely legal, and that as a labor union itself, Defendant had a true mastery of

6   the wage and hour laws" and that defendant "affirmatively mislead the Plaintiffs into believing

7   that their employment rights were *not* violated" (First Amd. Compl. ¶ 50).

8        The factual allegations must be accepted as true.  And given FRCP 15's policy of favoring

9   amendments to the pleading with "extreme liberality," the order concludes that the proposed first

10   amended complaint addresses the deficiency identified in the order of dismissal, namely that the

11   claims are time-barred.  *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991).  The

12   proposed amendment will be permitted.

13        **3.   WAITING TIME PENALTIES.**

14        Plaintiff Gonzalez's claim for waiting time penalties was likewise dismissed as time-

15   barred.  As discussed above, the proposed first amended complaint pleads facts sufficient to make

16   a showing at this stage that the claim is not barred by the statute of limitations.  The amendment

17   will be permitted.

18        **4.   MOTION TO DISREGARD PLAINTIFFS' REPLY BRIEF.**

19        Plaintiffs' reply brief was untimely filed.  Defendant filed an improperly noticed motion to

20   disregard plaintiffs' reply brief as untimely filed.  Pursuant to Civil Local Rule 7-3(c), the reply

21   brief is due not more than seven days after the opposition is filed.  Defendant's opposition was

22   filed December 16, 2011, making plaintiffs' reply due December 23.  Plaintiffs filed their reply

23   on December 29.

24        Defendant requests the reply brief be disregarded because plaintiffs failed to adhere to the

25   local rules.  Defendant does not argue that acceptance of the reply brief would prejudice

26   defendant in any way.  Plaintiffs respond stating that their failure to timely reply was based on a

27   good faith error. Apparently plaintiffs calculated the time to file the reply brief based on an

28   outdated version of the local rules, which required the reply to be filed fourteen days prior to the

hearing date.  Under the outdated version of the local rules, the brief would have been timely filed.

Given that defendant has not claimed that prejudice would flow from acceptance of the untimely filed reply brief and that the order concludes that plaintiffs' failure to timely file is excusable, the brief will be accepted.  Thus, defendant's motion to disregard plaintiffs' reply brief is **DENIED**.

**CONCLUSION**

For the reasons stated above, plaintiffs' motion for leave to file a first amended complaint is **GRANTED**.  Defendant's motion to disregard plaintiffs' reply brief is **DENIED**.  Plaintiffs shall file their first amended complaint **BY NOON ON JANUARY 17, 2012.**  No motion to dismiss may be made, the essence of it already having been considered.  The answer is due in **20 CALENDAR DAYS**.  The hearing set for January 12, 2012, is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated:  January 9, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE